IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION, FRANKFORT

| | | |
|---|---|---|
| VICKIE NEW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| GREENE & COOPER, LLP, | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, VICKIE NEW, by and through her attorney, KYLE R. SALYER, and for her Complaint against the Defendant, GREENE & COOPER, LLP, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Lawrenceburg, Kentucky.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a limited liability partnership of the State of Kentucky, which has its principal place of business in Louisville, Kentucky.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During the month of May of 2009, representatives of Defendant began contacting Plaintiff in attempts to collect the aforementioned alleged debt.

8. In June of 2009, Plaintiff agreed to make bi-monthly payments to Defendant on the fifteenth (15th) and (30th) days of each month towards the alleged debt.

9. On or about July 15, 2009, Defendant began electronically debiting Plaintiff's bank account twice a month in furtherance of the payment schedule set forth above, but Defendant did not always debit the payments on the fifteenth (15th) and (30th) days of each month as agreed.

10. In fact, on at least four (4) occasions – on September 14, 2009, September 28, 2009, March 29, 2010 and April 12, 2010 – Defendant debited Plaintiff's bank account earlier than was agreed, thereby causing her bank account to become overdrawn and resulting in Plaintiff incurring overdraft charges of twenty-five dollars ($25.00) each.

11. On or about April 12, 2010, Plaintiff contacted Defendant and spoke to Defendant's employee and/or representative, Nicole Weaver, regarding the early withdrawals of money from her account and asked that the withdrawals be effectuated only on the dates

previously agreed. Weaver responded by tell Plaintiff that Defendant would "take the payments when we wish [sic]."

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f;

    b. Depositing a postdated check or payment instrument prior to the date on such check or instrument, in violation of 15 U.S.C. § 1692f(4);

    c. Using a deceptive means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer monetary loss, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, VICKIE NEW, respectfully prays for a judgment as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. Actual damages of $25.00 for each overdraft fee incurred by Plaintiff as a result of Defendant's early debits from Plaintiff's bank account;

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

    Respectfully Submitted,

    /s/ Kyle R. Salyer
    Kyle R. Salyer (91435)
    Attorney for Plaintiff
    P.O. Box 2213
    Paintsville, KY 41240
    (888) 493-0770, ext. 307 (phone)
    (866) 551-7791 (facsimile)
    Kyle@LuxenburgLevin.com